UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:                                                         CASE NO. 24-50387

**SOLDIER OPERATING, LLC**[1]            **CHAPTER 11**

       **Debtors**

                                                        **JOINTLY ADMINISTERED**

---

**APPLICATION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING
THE EMPLOYMENT OF STEWART ROBBINS BROWN & ALTAZAN, LLC**

---

      The Official Committee of Unsecured Creditors ("Committee") of Soldier Operating, LLC, et al ("Debtors"), hereby submits this application (the "Application") for entry of an order authorizing the Committee to employ the law firm Stewart Robbins Brown & Altazan, LLC ("SRBA") as co-counsel for the Committee in the above-captioned jointly administered bankruptcy cases (the "Chapter 11 Cases") *nunc pro tunc* to the date of its employment on June 24, 2024. In support of this Application, the Committee submits the Affidavit of Paul Douglas Stewart, Jr., of SRBA, an executed copy of which is attached hereto as Exhibit "A" and incorporated herein by reference. In further support of this Application, the Committee states as follows:

---

[1] Jointly Administered with Viceroy Petroleum, LP, Case No. 50388

**Jurisdiction, Venue and Authority**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are Sections 328 and 1103 of Title 11 of the United States Code ("Bankruptcy Code") and Rules 2014, 2016, and 5002 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

**Background**

3. On May 13, 2024, Soldier Operating, LLC and Viceroy Petroleum, LP filed voluntary petitions under Chapter 11 of the Bankruptcy Code. An order authorizing joint administration of both cases was entered on May 16, 2024. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108, as no trustee or examiner has been appointed or designated in the Chapter 11 Cases.

5. On June 15, 2024, the United States Trustee for Region 5, which includes the Bankruptcy Court for the Western District of Louisiana, ("U.S. Trustee") appointed the Committee. The Committee is presently comprised of three (3) members: (a) Daniel Lebsack ("Lebsack"); (b) Eaton Oil Tools Inc. ("Eaton"); and (c) Petroleum Co-Ordinators, Inc. ("PCO").

6. The Committee has selected SRBA as co-counsel to the Committee, along with H. Kent Aguillard, subject to this Court's approval of this Application.

**Relief Requested**

7. The Committee seeks authority from this Court to employ the law firm of SRBA as its co-counsel under Bankruptcy Code § 1103 to represent the Committee in connection with

the Chapter 11 Cases at SRBA's customary hourly rates and reimbursement policies. The primary attorney anticipated to work on this engagement is Paul Douglas Stewart, Jr. Mr. Stewart is a member of SRBA. Mr. Stewart is a member in good standing of the Bar of the State of Louisiana and of the Bar of the United States District Court for the Western District of Louisiana and other District Courts.

## Basis for Relief

8. The Committee requires SRBA to act as its co-counsel for all matters, including, without limitation, the following services:

    a. representing the Committee in any proceedings and hearings related to the Chapter 11 Cases;

    b. attending meetings and negotiation with representatives of the Debtors and other parties in interest in the Chapter 11 Case;

    c. negotiating with the Debtors and other creditor and equity constituencies in the Chapter 11 case regarding a plan of reorganization;

    d. advising the Committee of its powers and duties and regarding matters of bankruptcy law;

    e. investigating and researching the Debtors' assets and liabilities;

    f. providing assistance, advice, and representation concerning the confirmation of, or objection to, any proposed plan(s);

    g. prosecuting and defending litigation matters and such other matters that might arise during the Chapter 11 Cases;

h.  providing counseling and representation with respect to assumption or rejection of executory contracts and leases, sales of assets, and other bankruptcy-related matters arising from the Chapter 11 Cases;

i.  rendering advice with respect to other legal issues relating to the Chapter 11 Cases, including, but not limited to, corporate finance and commercial issues;

j.  preparing on behalf of the Committee any necessary adversary complaints, motions, applications, orders, and other legal papers relating to the Chapter 11 Cases; and

k.  performing such other legal services as may be necessary and appropriate for the efficient and economical administration of the Chapter 11 Cases.

9. The Committee selected SRBA as its co-counsel because its attorneys have extensive experience, knowledge and resources in the areas of insolvency, bankruptcy, creditors' rights and litigation. SRBA also has extensive experience representing creditors' committees and other official committees in bankruptcies. SRBA will provide thorough, effective representation of the Committee in an efficient and cost-effective manner. SRBA, therefore, is well-suited to represent the Committee in these proceedings.

10. The Committee believes that SRBA is well qualified to represent it in these Chapter 11 Cases. The Committee hereby respectfully requests that this Court approve the Committee's retention of SRBA.

## SRBA's Disinterestedness

11. SRBA's compliance with the requirements of Bankruptcy Code §§ 330, 504 and 1103 and Bankruptcy Rule 2014, as well as the Local Rules, is set forth in detail in the Stewart Affidavit.

    a. SRBA represents Lucy G. Sikes, solely in her capacity as chapter 7 trustee in the bankruptcy estates of (1) Shallow Water Workover & Drilling Operations, LLC; (2) Shallow Water Workover & Drilling, LLC; and (3) Moncla Companies Payroll 2016, LLC (collectively, the "Moncla Entities"), in pursuing claims against numerous related entities owned by the Moncla family. Related entity "Moncla Workover & Drilling Op" is shown as a creditor of the Debtors. As the Moncla Entities are involved in both cases, SRBA mentions the relationship out of an abundance of caution but does not consider the relationship to impact its disinterestedness.

    b. SRBA represents Michael D. Warner in his capacity as chapter 7 trustee in the jointly administered MLCJR LLC bankruptcy cases in the Southern District of Texas. It is SRBA's understanding that Petroleum Co-Ordinators, Inc. asserts claims against Cox Operating, L.L.C., one of the MLCJR affiliated entities. Again, SRBA mentions the relationship out of an abundance of caution but does not consider the relationship to impact its disinterestedness.

12. Based upon the Stewart Affidavit, the Committee believes that, except as set forth therein, SRBA's members and associates: (a) do not represent any other entity having an adverse interest in connection with the Chapter 11 Cases, as required by Bankruptcy Code § 1103; (b) are "disinterested persons" within Bankruptcy Code § 101(14); and (c) do not represent or hold an interest adverse to the interest of the Estate with respect to the matters for which they will be retained.[2]

---

[2] The term "disinterested person" is defined under 11 U.S.C. § 101(14). Neither of the first two subsections of §101(14) are applicable as SRBA, nor its members or associates, are creditors, equity holders or insiders of the Debtor, and were not, within two years of the date of the petition, a director, officer or employee of the debtor. Under subsection (C) of § 101(14), SRBA is disinterested as it holds no materially adverse interest to the interest of the Estate or any class of creditors. SRBA has no engagement with or ownership of any interest which would put its interests or its client's interests ahead of or adverse to the interests of the Estate and the Committee.

## Terms of Retention

13. It is contemplated that SRBA will seek compensation for attorneys' fees and paraprofessionals' fees and reimbursement of necessary and reasonable out-of-pocket expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court.

14. Subject to approval by the Court, and in accordance with Bankruptcy Code § 330(a), compensation will be payable to SRBA on an hourly basis, plus reimbursement for actual, necessary expenses incurred by SRBA. As set forth above, the primary attorney within SRBA who will represent the Committee will be Paul Douglas Stewart, Jr. From time to time, other attorneys and paralegals from SRBA may also serve the Committee. All hourly rates charged to the Committee will be the same as the rates charged to other bankruptcy clients of SRBA for the same tasks.

15. SRBA's rates for attorneys range from $400.00 an hour to $600.00 an hour, depending on level of experience and expertise. A schedule of SRBA's specific current hourly rates for this Chapter 11 Case is attached to the Stewart Affidavit as Exhibit "1" and incorporated herein by reference. SRBA does not anticipate an increase of its hourly rates until January 2025. To date, SRBA has not received any payment from the Debtors or the Committee in connection with these proceedings.

16. The Committee believes that the employment of SRBA would be in the best interests of the Committee and desires to employ SRBA. The Committee notes that SRBA's employment will be in concert with co-counsel Kent Aguillard. The Committee and its co-counsels will make every effort to avoid duplication of effort and to ensure that their joint representation is efficient rather than wasteful.

## Notice

17. Notice of this Application will be served on the current, as of the date of filing of the instant motion, mailing matrix in this matter.

## No Prior Request

18. No prior request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Committee respectfully requests that this Court enter an order authorizing and approving the retention and employment by the Committee of SRBA as its attorneys for the express purposes set forth herein, *nunc pro tunc* as of June 24, 2024, the date of engagement, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court pursuant to Bankruptcy Code §§ 330, 331, 503(b) and 507(a)(1) and orders of the Court, and for such other relief deemed just.

**Respectfully submitted,**

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

By: /s/ Paul Douglas Stewart, Jr.
Paul Douglas Stewart, Jr. (La. #24661)
dstewart@stewartrobbins.com
William S. Robbins (La. #24627)
wrrobins@stewartrobbins.com
Brooke W. Altazan (La. #32796)
baltazan@stewartrobbins.com

301 Main Street, Suite 1640
Baton Rouge, LA 70802
Telephone: 225-231-9998
Facsimile: 225-709-9467

*Proposed Co-Counsel for the*
*Unsecured Creditors Committee*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 24-50387 |
| SOLDIER OPERATING, LLC[3] | CHAPTER 11 |
| Debtors | |
| | JOINTLY ADMINISTERED |

# EXHIBIT A

## VERIFIED STATEMENT OF PAUL DOUGLAS STEWART, JR., PURSUANT TO BANKRUPTCY CODE §§ 328(a) 329, AND 504, AND BANKRUPTCY RULES 2014(a) AND 2016

**PAUL DOUGLAS STEWART, JR.**, does hereby state that the following facts are true and correct to the best of his knowledge, information and belief, under penalty of perjury:

1. I am a member of Stewart Robbins Brown & Altazan, LLC ("SRBA"), and a duly licensed and practicing attorney in the state of Louisiana. SRBA's office is located in Baton Rouge, Louisiana. I have been engaged in the full-time practice of law with SRBA since November 18, 2008.

2. In order to determine SRBA's connections with the Debtors, its creditors, parties in interest, their respective attorneys and accountants in the Debtors' cases, the United States Trustee, and persons employed in the office of the United States Trustee (the "Relevant Entities"), I compiled or reviewed a list of persons and professionals known by me to be involved in the Debtors' bankruptcy cases, in addition to those which might be listed on the Debtors' mailing

---

[3] Jointly Administered with Viceroy Petroleum, LP, Case No. 50388

matrices and schedules (all of the forgoing are collectively referred to herein as the "Lists"). I then reviewed the Lists in conjunction with SRBA's conflict checking system.

3. Following that research, I am able to state, to the best of my knowledge, including that knowledge obtained through the steps described above, the following statements with regard to SRBA and the connections of SRBA and its attorneys with the Relevant Entities are true.

    a. SRBA represents Lucy G. Sikes, solely in her capacity as chapter 7 trustee in the bankruptcy estates of (1) Shallow Water Workover & Drilling Operations, LLC; (2) Shallow Water Workover & Drilling, LLC; and (3) Moncla Companies Payroll 2016, LLC (collectively, the "Moncla Entities"), in pursuing claims against numerous related entities owned by the Moncla family. Related entity "Moncla Workover & Drilling Op" is shown as a creditor of the Debtors. As the Moncla Entities are creditors of both estates, SRBA mentions the relationship out of an abundance of caution but does not consider the relationship to impact its disinterestedness.

    b. SRBA represents Michael D. Warner in his capacity as chapter 7 trustee in the jointly administered MLCJR LLC bankruptcy cases in the Southern District of Texas. It is SRBA's understanding that Petroleum Co-Ordinators, Inc. asserts claims against Cox Operating, L.L.C., one of the MLCJR affiliated entities. Again, SRBA mentions the relationship out of an abundance of caution but does not consider the relationship to impact its disinterestedness.

5. Neither SRBA nor any of its attorneys has ever represented a professional employed in the Debtors' bankruptcy cases whose name appears on the Lists.

6. SRBA or one or more of its attorneys may have represented, from time to time, entities who may have been or are creditors of, or vendors to the Debtors in the past, but whose

names are not shown on the Lists because they are not currently owed debts by the Debtors or do not currently owe debts to the Debtors. Neither SRBA nor any of its attorneys will represent such entities in connection with the Debtors' bankruptcy cases.

7. Neither SRBA nor any of its attorneys has any connection, to the best of its knowledge, with persons employed in any office of the United States Trustee.

8. None of SRBA's attorneys are a relative of nor do they have any connections with judges of the Court to which this case is assigned.

9. Based on information obtained from inquiry of SRBA attorneys and my own personal knowledge, the following statements are, to the best of my knowledge, true:

    a. SRBA is a disinterested person as defined in 11 U.S.C. §101(14).

    b. Neither SRBA nor its attorneys have a prepetition claim or any other claim against the Estates.

    c. Neither SRBA nor any of its attorneys holds securities of the Debtors.

    d. Neither SRBA nor any of its attorneys are insiders of the Debtors as defined in 11 U.S.C. §101(31)(b).

    e. Neither SRBA nor any of its attorneys are or have been an investment banker for any outstanding security of the Debtors.

    f. Neither SRBA nor any of its attorneys have ever been counsel to an investment banker in connection with the offer, sale or issuance of a security of the Debtors.

    g. No SRBA attorneys are or were, within two years before the petition date, a director, officer, or employee of the Debtors, or an investment banker for an outstanding security of the Debtors.

10. SRBA and its attorneys do not hold or present any interest adverse to the Estates.

11. SRBA does not have an interest materially adverse to the interests of the Estates of the Debtors or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker of any security of the Debtors or for any other reason.

12. SRBA has not received a retainer in these cases.

13. Attached hereto as Exhibit "1" is a schedule showing the hourly fees to be charged by SRBA to the Committee for SRBA's legal services by those attorneys with the firm customarily working on bankruptcy-related files. Other attorneys and paraprofessionals may be utilized if necessary at the customary charge that such professional charges other clients of the firm. Additionally, the firms' rates are subject to reasonable and periodic increases from year to year. SRBA will charge to the committee all cost and advances, subject to the limitation of the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local rules and orders of this Court, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330.

14. SRBA's rates for attorneys range from $400.00 an hour to $600.00 an hour, depending on level of experience and expertise. A schedule of SRBA's specific current hourly rates for this Chapter 11 Case is attached to the Stewart Affidavit as Exhibit "1" and incorporated herein by reference. SRBA does not anticipate an increase of its hourly rates until January 2025. To date, SRBA has not received any payment from the Debtors or the Committee in connection with these proceedings.

15. The Committee believes that the employment of SRBA would be in the best interests of the Committee and desires to employ SRBA. The Committee notes that SRBA's

employment will be in concert with co-counsel Kent Aguillard. The Committee and its co-counsels will make every effort to avoid duplication of effort and to ensure that their joint representation is efficient rather than wasteful.

16. I have read the Committee's Application to Employ SRBA and the statements made therein are true and correct to the best of my knowledge, information and belief.

/s/ Paul Douglas Stewart, Jr.
Paul Douglas Stewart, Jr.

Dated: June 24, 2024

# EXHIBIT "1"

## VERIFIED STATEMENT OF PAUL DOUGLAS STEWART, JR., PURSUANT TO BANKRUPTCY CODE §§ 328(a) 329, AND 504, AND BANKRUPTCY RULES 2014(a) AND 2016

| NAME | FIRM MEMBERSHIP | YEARS EXPERIENCE | RATE |
|---|---|---|---|
| Paul Douglas Stewart, Jr. | Member | 28 | $600.00 |
| William S. Robbins | Member | 28 | $600.00 |
| Brandon A. Brown | Member | 26 | $600.00 |
| Brooke W. Altazan | Member | 15 | $500.00 |
| Jamie D. Cangelosi | Member | 24 | $500.00 |
| Nicholas J. Smeltz | Associate | 4 | $400.00 |
| Kimberly A. Heard | Paralegal | 30 | $300.00 |

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 24-50387 |
| SOLDIER OPERATING, LLC[4] | CHAPTER 11 |
| Debtors | |
| | JOINTLY ADMINISTERED |

## ORDER GRANTING APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF STEWART ROBBINS BROWN & ALTAZAN, LLC

**CONSIDERING** the *Application of the Official Committee of Unsecured Creditors for An Order Authorizing the Employment of Stewart Robbins Brown & Altazan, LLC* [P-____] ("Application") filed by the Official Committee of Unsecured Creditors of Solider Operating, LLC, et al ("Committee") requesting the Court to entry an order authorizing the employment and retention of Stewart Robbins Brown & Altazan, LLC ("SRBA") as co-counsel for the Committee pursuant to 11 U.S.C. §§ 328 and 1103,

**IT IS ORDERED THAT** the Committee is authorized to retain SRBA as its co-counsel effective June 24, 2024 for all matters, including, without limitation, the following services:

a. representing the Committee in any proceedings and hearings related to the above-captioned bankruptcy case (the "Chapter 11 Cases");

b. attending meetings and negotiation with representatives of the RWDY, Inc. (the "Debtors") and other parties in interest in the Chapter 11 Case;

---

[4] Jointly Administered with Viceroy Petroleum, LP, Case No. 50388

c. negotiating with the Debtors and other creditor and equity constituencies in the Chapter 11 Cases regarding a plan of reorganization;

d. advising the Committee of its powers and duties and regarding matters of bankruptcy law;

e. investigating and researching the Debtors' assets and liabilities;

f. providing assistance, advice, and representation concerning the confirmation of, or objection to, any proposed plan(s);

g. prosecuting and defending litigation matters and such other matters that might arise during the Chapter 11 Cases;

h. providing counseling and representation with respect to assumption or rejection of executory contracts and leases, sales of assets, and other bankruptcy-related matters arising from the Chapter 11 Cases;

i. rendering advice with respect to other legal issues relating to the Chapter 11 Cases, including, but not limited to, corporate finance and commercial issues;

j. preparing on behalf of the Committee any necessary adversary complaints, motions, applications, orders, and other legal papers relating to the Chapter 11 Cases; and

k. performing such other legal services as may be necessary and appropriate for the efficient and economical administration of the Chapter 11 Cases; and

**IT IS FURTHER ORDERED THAT** SRBA shall, from time to time during the pendency of its representation of the Committee in the Chapter 11 Cases, file with the Court applications seeking compensation for legal services rendered on an hourly basis and reimbursement of expenses incurred in connection with its representation of the Committee.

SRBA's compensation for legal services rendered and reimbursement of expenses incurred in connection with its representation of the Committee is subject to the approval of this Court.

###

**Respectfully submitted,**

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

By:   /s/ Paul Douglas Stewart, Jr.
Paul Douglas Stewart, Jr. (La. #24661)
dstewart@stewartrobbins.com
William S. Robbins (La. #24627)
wrrobins@stewartrobbins.com
Brooke W. Altazan (La. #32796)
baltazan@stewartrobbins.com
301 Main Street, Suite 1640
Baton Rouge, LA 70802
Telephone: 225-231-9998
Facsimile: 225-709-9467

*Proposed Co-Counsel for the
Unsecured Creditors Committee*